# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Samantha Jones, Administratrix
of the Estate of Jerry Jones,
Petitioner Below, Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0293** (Kanawha County 10-C-512)

**Underwriters at Lloyd's, London and
Commercial Insurance Services, Inc.,
Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Samantha Jones, by counsel J. Michael Ranson and Cynthia M. Ranson, appeals the Circuit Court of Kanawha County's order, entered January 27, 2012, granting respondents' motion for judgment on the pleadings. Respondent Underwriters at Lloyd's, London ("Lloyd's") appears by counsel Harry F. Bell and Robert P. Arnold, and Respondent Commercial Insurance Services, Inc. ("Commercial Insurance") appears by counsel John Hoblitzell.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The tragic facts giving rise to this action are undisputed. City of Charleston Patrolman Jerry Jones was killed in the early morning hours of September 13, 2009, at the conclusion of a lengthy car chase that ended in rural Kanawha County. Patrolman Jones and his fellow officers had successfully barricaded an automobile driven by Brian Good with their patrol cars. Officers exited their cars and instructed Good to get out of his car. Instead, Good revved his engine and advanced his automobile, hitting police cruisers and endangering the responding police. Officers directed Good to stop; he did not. At least two officers then opened fire on Good. Patrolman Jones was struck by a police bullet, and he made his way to the front seat of his own car where fellow officers found him seriously wounded. Patrolman Jones, only twenty-seven years old, died from that gunshot soon afterward. He is survived by his wife Samantha.

Samantha Jones sued Good's estate for the wrongful death of her husband.[1] Good's

---

[1]Brian Good also was fatally wounded by gunfire at the conclusion of that car chase.

1

liability insurance carrier paid its policy limits of $50,000. In the final order approving settlement in that liability case, Circuit Court Judge Carrie Webster wrote:

> . . . In making this factual adjudication, the court is not making a legal determination as to whether these adjudicated facts trigger UIM coverage under the policy that Jerry and Samantha Jones had with Erie Insurance at the time of his death. That matter is pending before the Honorable Joseph R. Goodwin in the United States District Court of Southern West Virginia. Nor does this Order offer or make any legal determination as to related coverage issues currently pending before Kanawha County Circuit Court Judge Louis Bloom in the case styled *Samantha Jones, Administratrix of the Estate of Jerry Jones v. Underwriters at Lloyd's, London et. al.* Civil Action No. 11-C-52.[2]

On the basis that Patrolman Jones was an employee of the City of Charleston, Ms. Jones had asserted underinsurance claims against her own carrier, Erie Insurance, and against the carrier for the City of Charleston, Respondent Lloyd's, as described in the order referenced above. The Lloyd's policy was issued through Respondent Commercial Insurance. It is undisputed, however, that the Lloyd's policy did not contain a provision for underinsured motorist coverage. Nevertheless, on March 29, 2011, Ms. Jones, as administratrix of her husband's estate, initiated this action by filing a petition for declaratory judgment. Ms. Jones asked the circuit court to declare that the Lloyd's policy provided coverage for the death of her husband.

By order entered January 27, 2012, the court granted respondents' motion for judgment on the pleadings.[3] On appeal, petitioner asserts three assignments of error. First, she argues that the lower court erred in granting judgment on the pleadings because she demonstrated her standing to seek declaratory judgment. Second, she asserts that the court failed to take judicial notice of the order approving settlement with Good's insurance carrier "that concluded [Patrolman] Jones' death was proximately caused by the actions of a [sic] uninsured motorist[.]" Finally, she would have us find that the lower court improperly converted respondents' motions to dismiss into summary judgment motions, without affording the parties appropriate notice. We consider each of these assignments with the recognition that "[a]ppellate review of a circuit court's order granting a motion for judgment on the pleadings is *de novo*." Syl. Pt. 1, *Copley v. Mingo County Bd. of Educ.*, 195 W.Va. 480, 466 S.E.2d 139 (1995). Such plenary review is appropriate because "[a] motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves." Syl. Pt. 2, in part, *Copley*. Thus,

---

[2]Judge Webster's order is not a part of the record on appeal. The language from that order that is quoted herein was included in the circuit court's order for this case.

[3]Respondent Commercial Insurance filed a motion to dismiss on May 2, 2011, asserting that the petition for declaratory judgment sought no relief from it. It does not appear the court ruled on that motion. On June 10, 2011, Respondent Lloyd's filed a motion for judgment on the pleadings, and Respondent Commercial Insurance joined in that motion five days later.

[a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense.

Syl. Pt. 3, *Copley. See also Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 474, 498 S.E.2d 41, 46 (1997).

With regard to petitioner's first assignment of error, there is no indication in the circuit court order or the record on appeal that petitioner's standing to bring this action was challenged, and there is certainly no suggestion that lack of standing was a factor in the circuit court's decision. As a subpart to this assignment of error, petitioner argues that respondents failed to offer the City of Charleston underinsured motorist coverage, and further failed to obtain a knowing and intelligent waiver of that coverage at the time the policy was sold, thereby mandating the existence of underinsured motorist coverage as a matter of law. *See Bias v. Nationwide Mut. Ins. Co.*, 179 W.Va. 125, 365 S.E.2d 789 (1987). This position is irrelevant to our review, inasmuch as the circuit court accepted the concession of respondents, made solely for purposes of the motion for judgment on the pleadings, that the Lloyd's policy provided the City of Charleston underinsured motorist coverage by operation of law.

We are similarly unconvinced by the argument that Judge Webster's approval in a separate civil action of the settlement with Good's insurance carrier imparted an obligation on respondents to provide coverage. This is particularly so in light of Judge Webster's clear disavowal of her order as a basis for such coverage. Likewise, we cannot give ground to the accusation that the court below "accepted as true allegations of the movant[,]" when the circuit court specifically noted that it relied upon the facts presented in the petition for declaratory judgment, and when petitioner has failed to articulate a single fact improperly relied upon by the circuit court. Furthermore, we require that arguments before this Court be supported by "appropriate and specific citations to the record on appeal . . ." W.Va. R. App. P. 10(c)(7). We are not obligated to consider assignments of error lacking the necessary support. *Id*.

Indeed, none of petitioner's suggested errors addressed the key, dispositive issue on which the circuit based its dismissal: Good's advancing of his vehicle on the officers was not an "act arising out of the ownership, maintenance, operation, or use" of that vehicle sufficient to bring the incident leading to the death of Patrolman Jones under the umbrella of the underinsured motorist coverage. The circuit court based its decision on Syllabus Point 1 of *Baber v. Fortner*, 186 W.Va. 413, 412 S.E.2d 814 (1991), wherein we held that "[a]n intentional shooting which occurs from within the cab of a stationary pickup truck is not an act arising out of the ownership, maintenance, operation, or use of the vehicle." As in *Baber*, we perceive no adequate "but for" connection between Good's use of the vehicle and the death of Patrolman Jones.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis